UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                   Criminal No. 12-305(2)(DSD/LIB)

United States of America,

         Plaintiff,

v.                                                          **ORDER**

Lava Marie Haugen,

         Defendant.


      Surya Saxena, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

      John J.E. Markham II, Esq. and Markham & Read, One Commercial Wharf West, Boston, MA 02110, counsel for defendant.


This matter is before the court upon the motion for release from custody, or in the alternative, a change of designation pending appeal by defendant Lava Marie Haugen. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion in part.

                              **BACKGROUND**

The background of this matter is fully set forth in previous orders, and the court recites only those facts necessary to resolve the instant motion. On October 7, 2013, Haugen was convicted of (1) conspiracy to commit offenses against the United States, (2) delivery of misbranded drugs received in interstate commerce,

(3) doing acts resulting in drugs being misbranded, and (4) conspiracy to distribute controlled substance analogues. ECF No. 301.  On August 14, 2014, Haugen was sentenced to a term of imprisonment of sixty months. ECF No. 425. Given Haugen's medical needs, the court found exceptional reasons to order her release pending designation to a suitable Federal Medical Center.  She has since been designated to FMC Carlswell in Texas.

Haugen filed a notice of appeal from her conviction on August 21, 2014.  She now moves to continue her release pending appeal. In the alternative, Haugen requests the court to grant a short stay of her surrender date and recommend a new assignment to the Federal Correctional Institution in Waseca.

**ANALYSIS**

**I.   Release Pending Appeal Under § 3145(c)**

18 U.S.C. §§ 3143(b)(2) and 3145(c) govern the court's decision to release a person subject to mandatory detention pending appeal.  During appeal, the court must detain any person convicted of an offense under the Controlled Substances Act for which a maximum term of imprisonment is ten years or more.  18 U.S.C. §§ 3143(b)(2); 3142(f)(1)(C).[1]  In limited circumstances, the court

---

[1] Haugen was convicted, in relevant part, on one count of Conspiracy to Distribute Controlled Substance Analogues, which carries a maximum term of imprisonment of 20 years. See ECF No. 301; 21 U.S.C. §§ 813; 841(b)(1)(C).

2

may order a release if the person meets the conditions set forth in 18 U.S.C. § 3143(b)(1)[2] and if "exceptional reasons" clearly show that "detention would not be appropriate." 18 U.S.C. § 3145(c). Circumstances entitling one to release under § 3145(c) must be "clearly out of the ordinary, uncommon, or rare." United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007).

Haugen argues that the issues she raises on appeal pose substantial questions of law under § 3143(b)(1)(B). Moreover, because those issues are central to her conviction, she argues that exceptional reasons exist to justify her continued release under § 3145(c). The court disagrees.

A question is "substantial" under § 3143(b)(1) if it is "a close question or one that could go either way." United States v. Powell, 761 F.2d 1227, 1234-35 (8th Cir. 1985). The question must be "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the

---

[2] Section 3143(b)(1) requires the court to detain any convicted and sentenced person pending appeal, unless it finds

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community ...; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in [a reversal, new trial, or reduced sentence].

18 U.S.C. § 3143(b)(1). The parties agree, and the court finds, that Haugen is not likely to flee or pose a danger to others.

question is decided in the defendant's favor." Id. at 1234. The court must assume it committed error "and then assess the impact of such assumed error on the conviction." Id.

Haugen claims that three issues on appeal are substantial.[3] Without assessing the likelihood of Haugen's success on appeal, the court recognizes that a finding in her favor on any of those issues could result in a reversal or new trial on one or more of her charges. Haugen fails to show, however, that these questions alone provide "exceptional reasons" for her release.

Finding a substantial question on appeal is "foundational" to the court's preliminary determination under § 3143(b)(1). See United States v. Koon, 6 F.3d 561, 564 (9th Cir. 1993)(Rymer, J., concurring). The court must also find exceptional reasons beyond those typically required as a condition of release. "[B]efore authorizing release, courts ordinarily find both extremely unique personal hardship *and* a potential for a reduced sentence or success on appeal." United States v. Green, 250 F. Supp. 2d 1145, 1150 (E.D. Mo. 2003)(emphasis added). Other factors that courts consider include the unusually harsh nature of the detention, the

---

[3] Specifically, Haugen challenges the court's inclusion of a jury instruction setting forth a two-part test to determine whether a substance is a controlled substance analogue. She also challenges an instruction regarding knowledge requirements under the Food, Drug, and Cosmetic Act. Finally, Haugen argues that the Drug Enforcement Agency acted without authority in scheduling JWH-018 as a controlled substance and, as a result, all charges related to JWH-018 analogues should have been dismissed.

likelihood of recidivism, the defendant's low culpability in relation to the sentence, and the extent of cooperation with the government. Id.; see also United States v. Corum, No. 01-236, 2003 WL 21373219, at *3-4 (D. Minn. May 22, 2003)(finding exceptional reasons for release where defendant raised a novel issue on appeal and faced potential deportation).

The court initially found that Haugen's unique medical needs constituted an exceptional circumstance. Her release was conditioned on a designation to an appropriate Federal Medical Center. Now that Haugen has been assigned to FMC Carlswell, the court does not find any additional "clearly out of the ordinary, uncommon, or rare" circumstances for her release.[4] As a result, release pending appeal is not warranted.

## II. Temporary Stay of Surrender Date

Haugen next requests the court to temporarily stay her surrender date and recommend assignment to the Federal Correctional Institution in Waseca. The Bureau of Prisons has exclusive authority to designate the place of a prisoner's confinement. See 18 U.S.C. § 3621(b). When designating a facility, the BOP may consider the recommendations of the sentencing court. Id. § 3621(b)(4). The court notes that, upon Haugen's request, it

---

[4] Indeed, it was out of the ordinary for the court to grant Haugen's initial release as well. "[M]ere personal reasons, including caring for a family or gainful employment, are not 'exceptional.'" Green, 240 F. Supp. 2d at 1149 (citing United States v. Mostrom, 11 F.3d 93, 95 (8th Cir. 1993)).

recommended designation to an appropriate medical facility.  The BOP has carried through with that recommendation.  Nevertheless, equitable principles warrant a recommendation by the court that Haugen be designated to a suitable Minnesota facility, such as the Federal Correctional Institution in Waseca, Minnesota.  As such, the court grants a two-week stay of Haugen's voluntary surrender date to provide the BOP with additional time to consider this recommendation.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for release from custody pending appeal, or in the alternative, a change of designation [ECF No. 454] is granted in part, as set forth above.

Dated:  September 22, 2014

s/David S. Doty  
David S. Doty, Judge  
United States District Court
