```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
          Criminal No. 12-305(2)(DSD/LIB)
```

United States of America,

       Plaintiff,

v.                                                          **ORDER**

Lava Marie Haugen,

       Defendant.

    Surya Saxena, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    John J.E. Markham II, Esq., Markham & Read, One Commercial Wharf West, Boston, MA 02110, counsel for defendant.

This matter is before the court upon the motion for release from custody, or in the alternative, a change of designation pending appeal by defendant Lava Marie Haugen. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

The background of this matter is fully set forth in previous orders, and the court recites only those facts necessary to resolve the instant motion. On October 7, 2013, Haugen was convicted of (1) conspiracy to commit offenses against the United States, (2) delivery of misbranded drugs received in interstate commerce,

(3) doing acts resulting in drugs being misbranded, and (4) conspiracy to distribute controlled substance analogues. ECF No. 301. On August 14, 2014, Haugen was sentenced to a term of imprisonment of sixty months. ECF No. 425. At sentencing, the court found, based on an agreement between the government and Haugen, that her unique medical needs justified temporary release from custody pending designation to a Federal Medical Center. See ECF No. 444, at 193:8-195:18. She was then designated to FMC Carlswell in Texas.

Haugen filed a notice of appeal from her conviction on August 21, 2014. On September 13, 2014, Haugen moved for continued release from custody pending her appeal. In the alternative, she requested that the court recommend a designation to the Federal Correctional Institution in Waseca, Minnesota. The court denied the motion for release on September 22, 2014, but granted a two-week stay of her voluntary surrender date to allow the Bureau of Prisons to consider the alternative recommendation. ECF No. 464. The BOP maintained its designation, and Haugen voluntarily surrendered on October 7, 2014.

Haugen now moves for a second time for release pending appeal, arguing that the staff at FMC Carlswell have not rendered appropriate medical care. ECF No. 486. In the alternative, Haugen again asks the court to recommend a transfer to FCI Waseca.

**DISCUSSION**

**I.   Release Pending Appeal**

18 U.S.C. §§ 3143(b)(2) and 3145(c) govern the court's decision to release a defendant subject to mandatory detention pending appeal. During appeal, the court generally must detain persons convicted of an offense under the Controlled Substances Act for which a maximum term of imprisonment is ten years or more. 18 U.S.C. §§ 3143(b)(2); 3142(f)(1)(C).[1] To warrant release pending appeal, the court must determine that (1) "exceptional reasons" clearly show "detention would not be appropriate"; and (2) Haugen meets the conditions of release set forth in 18 U.S.C. § 3143(b)(1). 18 U.S.C. § 3145(c). To meet the conditions of release under § 3143(b)(1), the court must find

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community ...; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in [a reversal, new trial, or reduced sentence].

Circumstances entitling one to release under § 3145(c) must be "clearly out of the ordinary, uncommon, or rare." United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007).

---

[1] Haugen was convicted, in relevant part, on one count of Conspiracy to Distribute Controlled Substance Analogues, which carries a maximum term of imprisonment of 20 years. See ECF No. 301; 21 U.S.C. §§ 813, 841(b)(1)(C).

Haugen argues that release is warranted because the staff at FMC Carlswell have not provided appropriate medical care. Haugen has been diagnosed with multiple sclerosis (MS) and fibromyalgia. She states that, before her incarceration, she was prescribed a number of medications to control the symptoms associated with those conditions. She alleges that upon her surrender, her medications have been substantially reduced or denied entirely. Haugen Aff. ¶¶ 6, 12. She also claims that her requests for a bottom bunk and a transfer to a new unit - in order to accommodate her pain - have been denied, that she waited over three months to see a neurologist, and that medical staff have been indifferent toward her complaints. Id. ¶¶ 7, 21, 23, 25. Haugen eventually saw a neurologist and was prescribed more effective medication, but she alleges that she is yet to receive those medications. Id. ¶ 28.

Although the government maintains that Haugen's conditions are serious, it disagrees with the characterization of her treatment. It notes that Haugen arrived at FMC Carlswell without any prescriptions, stated that she had not been taking any medications for the previous year, and could not provide a history of what treatments were effective at controlling her symptoms. Shackelford Decl. ¶¶ 4, 6. As a result, the medical staff placed her on lower dosages of certain medications, with the understanding that the dosages were to be increased over time. Id. ¶ 6. Moreover, the medical staff has been unable to determine an effective

prescription regimen for Haugen because she refuses to wait in pill line.  Id. ¶¶ 10, 15.[2]  The government also notes that Haugen has since been placed on a bottom bunk and has been granted work restrictions to alleviate her pain.  Id. ¶¶ 13-14.

The court recognizes that Haugen's medical conditions are serious and that health considerations may, in certain situations, warrant release under § 3145(c).  See United States v. Koon, 6 F.3d 561, 564 n.8 (9th Cir. 1993).  Nonetheless, the record shows that staff at FMC Carlswell have attempted to provide adequate care but are limited by Haugen's noncompliance and lack of information as to her previous treatments.  Under these circumstances, the court cannot find that exceptional reasons exist such that Haugen's continued detention would be inappropriate.  As a result, Haugen has not shown that release pending appeal is warranted.[3]

**II.  Alternative Designation to FCI Waseca**

Haugen next requests that the court recommend a designation to FCI Waseca and that she be temporarily released pending a transfer to that facility.  The BOP has exclusive authority over a prisoner's designated place of confinement, but it may consider a

---

[2] Although waiting in pill line causes Haugen additional pain, patients are allowed to report late to the line in order to avoid a longer wait period.  Id. ¶ 15.

[3] Because the court finds that Haugen's treatment does not constitute an "exceptional reason" for release under § 3145(c), it need not determine whether she meets the conditions of release pending appeal set forth in § 3143(b)(1).

recommendation from the sentencing court when transferring a prisoner to a separate facility. See 18 U.S.C. § 3621(b). The court, however, is without authority - apart from that granted in § 3145(c) - to order the release of a prisoner pending transfer. As stated, Haugen has not shown that her release is justified under § 3145(c), and her transfer to FCI Waseca would not change the court's conclusion on that point. Moreover, the parties agree that Haugen requires significant medical care, a factor that the BOP considered when declining the court's previous recommendation as to FCI Waseca. As a result, a recommendation for a transfer is not warranted at this time.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for release from custody pending appeal, or in the alternative, a change of designation [ECF No. 486] is denied.

Dated: May 4, 2015

                                                  s/David S. Doty
                                                  David S. Doty, Judge
                                                  United States District Court